UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANK WILLIAM BECKENDORF, III, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1700** |
| **DANIEL FLEISCHMAN, ET AL.** | **SECTION "I"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter as to the sole remaining plaintiff, Frank William Beckendorf, III ("Beckendorf"), can be disposed of without an evidentiary hearing.

**I.      Factual and Procedural Background**

Frank William Beckendorf, III ("Beckendorf") is the last of four St. Tammany Parish Jail ("STPJ") inmates to submit this civil rights complaint pursuant to 42 U.S.C. § 1983 challenging the conditions of their confinement and adequacy of the medical care provided at STPJ. ECF No. 4. The original complaint was not accompanied by a filing fee, and three of the four named plaintiffs, including Beckendorf, did not submit a request to proceed as a pauper. On September 20, 2021, the Clerk of Court sent the plaintiffs a notice of these deficiencies which required Beckendorf and the other plaintiffs to either pay the filing fee or submit a properly completed and certified pauper application within twenty-one (21) days of the date of the notice. ECF No. 3. In response, Beckendorf provided a pauper application and was granted leave to proceed as a pauper on October 19, 2021. ECF Nos. 5, 9.

Soon thereafter, the Court conducted a hearing with Beckendorf pursuant to *Spears v. McCotter*[1] to obtain additional information about his claims.  ECF No. 21.  In the Minute Entry issued after the hearing, the Court advised Beckendorf about maintaining a current address for the record:  "Plaintiff is advised that if he is transferred or released from custody, he must notify the Clerk of Court in writing of his new address and telephone number."  *Id*.  A copy of the minute entry was mailed to Beckendorf at his address of record, and the envelope has not been returned as undeliverable.

While the Court continued its preliminary review of the multi-plaintiff complaint and various defense motions, Beckendorf moved on April 13, 2022, for the appointment of counsel. ECF No. 37.  The Court denied his request on June 16, 2022.  ECF No. 47.  The Clerk of Court that same day mailed a copy of the Order to Beckendorf at his prison address of record at the STPJ. Two of the Court's later orders, a Partial Report and Recommendation (ECF No. 48) issued June 28, 2022, to dismiss claims of other plaintiffs and the Order (ECF No. 52) adopting that report, were also mailed to Beckendorf at his prison address of record.

On July 7, 2022, however, the first of these envelopes was returned marked "Return to Sender."  ECF No. 49.  The envelopes containing the two subsequent orders were returned on August 8 and September 15, 2022, each marked "R[eturn] T[o] S[ender]" and "no longer here." ECF Nos. 53, 58.  Beckendorf has not contacted the Clerk or the Court about this case since filing his motion for appointment of counsel in April of 2022.

## II. <u>Standard of Review under Fed. R. Civ. P. 41(b)</u>

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may,

---

[1] 766 F.2d 179 (5th Cir. 1985).  The purpose of the *Spears* Hearing is to ascertain what the prisoner alleges occurred and the legal basis for the claims.  The information received is considered an amendment to the complaint or a more definite statement under Fed. R. Civ. P. 12(e).  *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

When a plaintiff is without counsel, he is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

Furthermore, all litigants are obligated to keep the court advised of any address change. *See* EDLA Local Rules 11.1 and 41.3.1. "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007). This policy was adopted in EDLA Local Rule 41.3.1 which specifically provides that a pro se litigant's failure to notify the Court of a postal address change within 35 days of the Court's receipt of returned mail may be considered cause for dismissal for failure to prosecute. In addition, the complaint form used by plaintiffs to institute this action contains the

following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." ECF No. 1, at 6 (Plaintiff's Declaration, §VI, No. 2).

### III. Analysis

As noted above, Beckendorf has not provided the Court with a current address despite being made aware of his obligation to do so. The mail sent to him at his prison address of record has consistently been returned as undeliverable. The last returned mail was received by the Court more than 35 days ago on September 15, 2022. Since that time, the Court has not received any contact from Beckendorf.

Beckendorf's failure to provide a current address has impeded the Court's ability to move forward with the remainder of this case. Beckendorf is the sole remaining plaintiff in this prisoner civil rights action. His failure to prosecute his remaining claims will result in a complete dismissal of any remaining claims against the defendants.

For these reasons, Beckendorf's § 1983 complaint should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for his failure to prosecute.

### IV. Recommendation

It is therefore **RECOMMENDED** that Frank William Beckendorf, III's § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

      New Orleans, Louisiana, this __7th__ day of December, 2022.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.